USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ROSE HANSEN, individually, and on      :    08 Civ. 5320 (NRB)
all others similarly situated,
                                       :
           Plaintiff,
                                       :
     - against -
                                       :
WACHOVIA CORPORATION et al.
                                       :
           Defendants.
------------------------------------------X
TODD A. WRIGHT, individually, and on   :    08 Civ. 5324 (DC)
all others similarly situated,
                                       :
           Plaintiff,
                                       :
     - against -
                                       :
WACHOVIA CORPORATION et al.
                                       :
           Defendants.
------------------------------------------X
DENISE A. TUTTLE, individually, and on :    08 Civ. 5578 (DC)
all others similarly situated,
                                       :
           Plaintiff,
                                       :
     - against -
                                       :
WACHOVIA CORPORATION et al.
                                       :
           Defendants.
------------------------------------------X
ROBERT M. COMINSKY, individually, and on    08 Civ. 5990 (UA)
all others similarly situated,         :
                                       
           Plaintiff,                  :

     - against -                       :

WACHOVIA CORPORATION et al.
                                       :
           Defendants.                 :

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JASON T. WILLARD, individually, and on   :   08 Civ. 6196 (UA)
all others similarly situated,
                                         :
               Plaintiff,
                                         :
      - against -
                                         :
WACHOVIA CORPORATION et al.
                                         :
               Defendants.
----------------------------------------X
MICHAEL WELCH, individually, and on      :   08 Civ. 6464 (UA)
all others similarly situated,
                                         :
               Plaintiff,
                                         :
      - against -
                                         :
WACHOVIA CORPORATION et al.
                                         :
               Defendants.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

   **WHEREAS** this Court has accepted the above-captioned actions as related; and

   **WHEREAS** each of the above-captioned actions is an ERISA class action common questions of law and fact, to wit: that the defendants, who are fiduciaries of the Wachovia Savings Plan, breached fiduciary duties they owe to plaintiffs under ERISA; and

2

**WHEREAS** plaintiff's counsels in the Willard and Cominsky actions filed motions to consolidate the related actions and for appointment as interim class counsel and plaintiff's counsels in the other actions have sought leave from this Court to file similar motions; and

**WHEREAS** the Court has been informed by defendants' counsel that they do not oppose the motions to consolidate; and

**WHEREAS** the Court does not find it necessary or productive to appoint an interim class counsel; it is hereby ordered

**ORDERED** that above-captioned actions and any other actions arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) and shall be referred to collectively as "In Re Wachovia Corporation ERISA Litigation" (the "Consolidated Action"). All relevant filings and submissions shall be maintained as a Master File under the number No. 08 Civ. 5320 (NRB). And it is further

**ORDERED** that every pleading in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X
IN RE WACHOVIA CORPORATION            :      MASTER FILE:
ERISA LITIGATION                      :      08 Civ. 5320 (NRB)
------------------------------------------X
THIS DOCUMENT RELATES TO:             :
                                      :
------------------------------------------X

3

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s). And it is hereby

**ORDERED** that a Master Docket is hereby established under the number 08 Civ. 5320 (NRB) for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in the Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made. When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file

of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph; and it is further

**ORDERED** that the Clerk of the Court shall also maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of Court, except as modified by this Order; and it is further

**ORDERED** that when a case arising out of the same operative facts as the Consolidated Action is subsequently filed in or transferred to this Court, it shall be consolidated as provided for above and the Clerk of Court shall open a separate file for that action and make the appropriate entry in the Master Docket; and it is further

**ORDERED** that the Clerk of Court shall file the original of this Order in the Master File, shall file a copy of this Order in file of each separate action consolidated herein, and file a copy of this Order in the separate file of any case arising out of the same operative facts as the Consolidated Action that is subsequently filed in or transferred to this Court; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to the counsel of record in each of the actions consolidated herein, as well as to plaintiff's counsel in any case arising out of the same operative facts as the Consolidated Action that is subsequently filed in or transferred to this Court; and it is further

**ORDERED** that, in addition to the class actions consolidated herein, this Order shall apply to any case arising out of the same operative facts as the Consolidated Action that is subsequently filed in or transferred to this Court unless a party objecting to the consolidation of that case serves an application for relief from this Order within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending this Court's ruling on the application. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint. And it is further

**ORDERED** that the terms of the Order shall not have the effect of making any person, firm, or entity a party to any action in which he, she, or it, has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action. And it further

**ORDERED** that any motions for appointment as lead plaintiff shall be filed by September 5, 2008 with any responses thereto to be filed by September 22, 2008; and it is further

**ORDERED** that forty-five (45) days after the appointment of a lead plaintiff, which begins to run upon the entry of the appointment order on the Master Docket, the lead plaintiff shall file a consolidated ERISA class action complaint ("Consolidated Complaint"); and it is further

**ORDERED** that defendants have no obligation to answer, plead, or otherwise move with respect to the Consolidated Action or any subsequently filed cases arising from the same operative facts until forty-five (45) days from the filing of the Consolidated Complaint.

Dated:  New York, New York
        July 30, 2008

                                                          NAOMI REICE BUCHWALD
                                                        UNITED STATES DISTRICT JUDGE

8

Dated:  New York, New York
        July 30, 2008